Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives, the Full Commission AFFIRMS and ADOPTS with minor modifications the Opinion and Award of the Deputy Commissioner as follows:
Based upon the competent evidence of record herein, the Full Commission adopts the Findings of Fact of the deputy commissioner with minor modifications and finds as follows:
 FINDINGS OF FACT
1. At the time of hearing, plaintiff was thirty-four years old. He had obtained a GED.
2. Defendant Star Erectors, Inc. (hereinafter Star) is a corporation in the business of erecting steel for various construction companies and regularly employs more than three employees. Star is an approved self-insured with Consolidated Administrators, Inc., acting as its servicing agent.
3. Plaintiff was a partner in H L Enterprises with Tommy Cole. Plaintiff and Tommy Cole were the only individuals working under the name of H L Enterprises and they would split all proceeds earned 50/50.
4. Tommy Cole told plaintiff that Star was hiring steel erectors and that it had work available in North Carolina. Plaintiff contacted Richard Allen Starner, Jr. (hereafter Starner) of Star and advised him that he was seeking work erecting steel and told him that Tommy Cole worked for him. Starner informed plaintiff that Star had work available, but prior to his being able to start to work for Star, plaintiff would have to provide proof that his company had workers' compensation insurance in effect.
5. Prior to contacting Starner, plaintiff had decided to go into business for himself and he knew that all general contractors whether in North Carolina or otherwise required that subcontractors have in force workers' compensation insurance. Therefore, plaintiff contacted Matrix Insurance Agency, Inc. (hereafter Matrix), and talked with Otis Jones about getting workers' compensation insurance coverage.
6. Plaintiff had Otis Jones complete an application for workers' compensation coverage on May 11, 1994. Plaintiff had coverage for himself excluded on the application. Also, he caused it to be noted that his employees would not be traveling out of state. Matrix is a Georgia corporation, with its office located in Newman, Georgia.
7. Mr. Jones submitted plaintiff's application to the insurance assigned risk pool because plaintiff had not had workers' compensation insurance issued to him prior to this application. Any insurance company that participated in the pool could be assigned the application. Royal Insurance Company was the company that was assigned this application.
8. Plaintiff told Mr. Jones that he was going to work in North Carolina. Mr. Jones advised plaintiff that the policy being issued was for Georgia, but coverage would still be effective for North Carolina and that Georgia law would control as to what benefits were being offered. Plaintiff acknowledged to Mr. Jones that he understood the terms.
9. Plaintiff had Mr. Jones fax to Star a certificate of insurance on May 10 or May 11, 1994. On the face of the certificate it noted that no insurance was in effect, but that it had been applied for and the coverage period was from May 10, 1994 through May 10, 1995. The certificate also indicated that coverage was for the state of Georgia only.
10. On or about June 16, 1994, Royal Insurance Company of America caused a second certificate of insurance to be issued, noting that Star was the certificate holder and that this certificate replaced any prior certificate issued to the certificate holder affecting workers' compensation coverage. The certificate did not limit coverage to the State of Georgia.
11. Plaintiff started to work for Star approximately two-to-three days after Star had been provided a certificate of insurance. Although the original certificate limited coverage to the state of Georgia, the second certificate did not limit that coverage to Georgia. The second certificate was also issued after plaintiff had contacted Royal and informed them that Star had indicated that it needed coverage that was not limited to the State of Georgia.
12. When plaintiff was asked whether he knew that he was not covered by the policy that had been issued, he said that he elected to not be covered because it was cheaper and he wanted to save on the premiums as much as he could.
13. On June 4, 1994, plaintiff was working on one of the jobs he had sub-contracted from defendant Star and he fell approximately 22 feet off of a roof onto a concrete slab, suffering a left reverse oblique intertrochanteric femur fracture.
14. Plaintiff was hospitalized for approximately five days and was out of work for two months. After two months, plaintiff returned to work for another general contractor, performing similar work he had performed for Star.
15. At the time of his injury, plaintiff did not have in effect workers' compensation insurance coverage on himself through H L Enterprises, the business partnership that he partly owned; nor did he have workers' compensation insurance coverage through Defendant Star Erectors, Inc. Star was not required to provide workers' compensation coverage on subcontractors such as plaintiff who excluded themselves from coverage under their certificate of insurance.
 *********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff suffered an injury by accident on June 4, 1994, while in the course and scope of his employment with H L Enterprises. H L Enterprises had in effect at the time of this accident workers' compensation coverage for its employees, but plaintiff was an owner of H L Enterprises and he had elected to exclude himself from coverage and was therefore not covered by said policy. N.C. Gen. Stat. §§ 97-2(2); 97-93 and 97-94.
2. Plaintiff had provided and Defendant-Star had in its possession at the time plaintiff started to work, a valid certificate of insurance providing workers' compensation coverage for the employees of H L Enterprises. Plaintiff, as a partner of H L Enterprises and the subcontractor, is allowed by law to exclude himself from workers' compensation coverage on a certificate of insurance. Therefore, Defendant-Star had met its requirements under the North Carolina statutes by having workers' compensation coverage in effect at the time work was started by the sub-contractors. N.C. Gen. Stat. §§ 97-19 and 97-93.
3. Plaintiff's claim for coverage and compensation under the workers' compensation policy of Defendant Star should be denied.
4. Defendant Star is not liable on this claim because it arguably accepted a defective certificate of insurance from plaintiff. The defect of which plaintiff asserts is that the original certificate provided coverage for the state of Georgia only. The second certificate cured this alleged defect.
 *********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Plaintiff's claim for benefits under the Workers' Compensation Act must under the law be and the same is hereby DENIED.
2. Each side shall pay its own costs.
 ********* ORDER
IT IS HEREBY ORDERED that Royal Insurance Co. and Matrix Insurance Agency, Inc., are DISMISSED with prejudice as parties to this claim.
This the ________ day of May, 1998.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________ LAURA K. MAVRETIC COMMISSIONER
S/ _____________________ RENÉE C. RIGGSBEE COMMISSIONER